UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTAE LASHUN WILEY, JR.,

    Plaintiff,
v.                                                                                          Hon. Robert J. Jonker

DAMIAN D. NUNZIO,                                                    Case No. 1:25-cv-1310

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This is a civil rights action brought by a convicted prisoner under 42 U.S.C. § 1983. Plaintiff sues his criminal defense attorney for ineffective assistance in his criminal case. The Court has granted Plaintiff leave to proceed in forma pauperis. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DISMISS** Plaintiff's complaint for failure to state a claim.

### I. Background

    Plaintiff is presently incarcerated at the Kent County Correctional Facility. He sues attorney Damian Nunzio, who was appointed to represent Plaintiff in his criminal case in the Kent County Circuit Court. Plaintiff alleges that on April 1, 2025, he sent Nunzio a letter informing him

that Plaintiff no longer wanted Nunzio to represent him. Plaintiff asked Nunzio to "smoothly withdraw" or to act solely as Plaintiff's standby counsel. (ECF No. 1 at PageID.3.) On June 6, 2025, Plaintiff stated on the record that he did not trust Nunzio and did not want him as his counsel, but Nunzio chose to stay on the case. Plaintiff alleges that Nunzio did not file any of the motions Plaintiff had asked him to file, nor did he discuss trial strategy with Plaintiff. (*Id.*)

Plaintiff alleges that on the first day of trial on July 21, 2025, he stated on the record once again that he did not want Nunzio as his counsel. When Plaintiff's concerns were ignored, he tried to physically attack Nunzio, but a deputy intervened. Despite the thwarted attack, Nunzio chose to remain on the case. Plaintiff complains that Nunzio failed to object and to present evidence and witnesses. He also allowed the court to declare a mistrial when the verdicts were in Plaintiff's favor. (*Id.*)

On September 2, 2025, the first day of the second trial, Plaintiff again stated that he did not want Nunzio as his counsel. Plaintiff alleges that during the trial, Nunzio failed to object to "so many illegal things," and "basically told the jury [Plaintiff] was guilty." (*Id.*) The jury found Plaintiff guilty, although Plaintiff alleges that "Nunzio is the one to blame." (*Id.*) Plaintiff believes that Nunzio's actions (or inactions) were intentional and were his form of revenge for Plaintiff embarrassing him multiple times. (*Id.*)

Plaintiff alleges that Nunzio was ineffective in his representation of Plaintiff at trial. Although Plaintiff does not specifically mention the Sixth Amendment, he claims "ineffective assistance." (*Id.* at PageID.4.) Plaintiff seeks emotional damages and declaratory relief. (*Id.* at PageID.4, 6.)

## II. Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

## III. Discussion

Because Plaintiff does not mention 42 U.S.C. § 1983 in his complaint, it appears that he may intend to assert a direct cause of action under the Constitution. Congress has provided a

3

remedy for constitutional violations by state and local officials and units of government through 42 U.S.C. § 1983. The Sixth Circuit has observed that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). The *Thomas* court thus held that Section 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and units of government. *Id.* at 499; *see also Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations." (citing *Thomas*, 818 F.2d at 503)); *Sanders v. Prentice-Hall Corp. Sys., Inc.*, No. 97-6138, 1999 WL 115517, at *1 n.2 (6th Cir. Feb. 8, 1999) ("This circuit has held that constitutional violations by state officials are not cognizable directly under the constitution (or by virtue of general federal question jurisdiction) because 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations."). Accordingly, I will analyze Plaintiff's Sixth Amendment claim as asserted pursuant to Section 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Arguably, Plaintiff alleges a violation of his Sixth Amendment right to counsel. However, he cannot establish the second requirement—that Nunzio was a state actor. "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Even if Nunzio was appointed and paid by the State, that representation does not transform the attorney into a state actor. *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty.*, 454 U.S. at 325) (stating that "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'"). Thus, while Plaintiff had a Sixth Amendment right to effective assistance of counsel during his criminal case, "[i]neffective assistance of counsel does not rise to the level of a cause of action under the Constitution because there is insufficient government involvement." *Barham v. Edwards*, 566 F. Supp. 1497, 1499 (M.D. Tenn. 1983). For this reason, Plaintiff's claim against Nunzio under Section 1983 should be dismissed.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis

for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  October 29, 2025                                         /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).